IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MATRIX WARRANTY SOLUTIONS, INC., | § | CASE NO. 23-42132-elm7 |
| | § | (Chapter 7) |
| DEBTOR. | § | |
| _____ | § | |
| | § | |
| BEHROOZ P. VIDA, TRUSTEE, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | ADVERSARY NO. _____ |
| | § | |
| BRAINVIRE INFOTECH INC., | § | |
| Defendant. | § | |
| | § | |

# COMPLAINT

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

Behrooz P. Vida (the "Trustee"), in his capacity as the chapter 7 trustee for Matrix Warranty Solutions, Inc. (the "Debtor"), files this Complaint against Brainvire Infotech Inc. (the "Defendant") and would respectfully show the Court as follows.

## PARTIES

1. Behrooz P. Vida is the chapter 7 trustee for the Debtor in the above-referenced chapter 7 bankruptcy case.

2. Brainvire Infotech, Inc. is a Delaware corporation with its principal place of business in Texas and can be served through its Registered Agent, Chintan Shah at 2201 W. Royal Ln., Suite 110, Irving, TX 75063.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 1334 and 157. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409 because the Debtor's chapter 7 bankruptcy case is pending in this district and the causes of action asserted herein arise in and are related to that case.

## STATEMENT OF RELEVANT FACTS

5. On July 23, 2023, the Debtor filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code in Case No. 23-42132-elm7. The Trustee was appointed the chapter 7 trustee, and he continues to serve in that capacity.

6. The Debtor made the following transfer (the "Transfer") before bankruptcy:

(a) On June 9, 2023, within ninety (90) days before the bankruptcy filing, the Debtor transferred $13,276.00 to the Defendant.

7. On June 30, 2023, the Defendant gave new value of $2,189.00 to the Debtor.

## COUNT I:  AVOIDANCE OF TRANSFER, 11 U.S.C. § 547(b)

8. The Trustee hereby incorporates all of the foregoing and ensuing allegations as if fully set forth hereat.

9. The Transfer is avoidable under section 547(b) of the Bankruptcy Code because it was made to or for the benefit of a Defendant as a creditor for or on account of an antecedent debt owed by Debtor before such transfer was made, while Debtor was insolvent, and that enabled Defendant to receive more than it would have received in this chapter 7 case if the transfer had not been made.

10. The Trustee has conducted reasonable due diligence in the circumstances of this case and has considered a new value affirmative defense to the Transfer under section 547(c) of the Bankruptcy Code.

11. Considering the $2,189.00 of new value to the Defendant, the Trustee is entitled to avoid $11,087.00 of the Transfer from the Defendant under 11 U.S.C. § 547(b).

## COUNT II: RECOVERY OF TRANSFERS, 11 U.S.C. § 550(a)(1)

12. The Trustee hereby incorporates all of the foregoing and ensuing allegations as if fully set forth hereat.

13. The Trustee is entitled to recover $11,087.00 of the Transfer the Defendant received from Debtor under 11 U.S.C. § 550(a)(1):

## COUNT III: PRE-JUDGMENT INTEREST AND ATTORNEYS' FEES AND EXPENSES

14. The Trustee hereby incorporates all of the foregoing and ensuing allegations as if fully set forth hereat.

15. The Trustee is also entitled to recover pre-judgment interest at the federal post-judgment rate from the date the Transfer until the date of the judgment.

16. The Trustee seeks to recover his reasonable and necessary attorneys' fees and expenses, including costs of court, incurred in connection with this adversary proceeding.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that this Court enter judgment against the Defendant as follows:

(a) judgment against the Defendant for $11,087.00 plus pre-judgment interest, attorneys' fees and expenses, and costs of court; and

(b)  granting the Trustee such other and further relief, at law or in equity, to which he may be justly entitled.

      Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By: */s/ Kenneth A. Hill*
    Kenneth A. Hill
    State Bar No. 09646950
    Loriann A. Martinez
    State Bar No. 24126929
ATTORNEYS FOR THE TRUSTEE

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Behrooz P. Vida, Trustee | **DEFENDANTS**<br>Brainvire Infotech Inc. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Kenneth A. Hill         (214) 871-2100<br>Quilling, Selander, Lownds, Winslett & Moser, P.C.<br>2001 Bryan Street, Ste. 1800, Dallas, TX 75201 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor         ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor         ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoidance of Transfer, 11 U.S.C. § 547(b); Recovery of Transfers, 11 U.S.C. § 550(a)(1)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 11,087.00 |

Other Relief Sought
Pre-judgment interest & attorneys' fees and expenses.

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Matrix Warranty Solutions, Inc. | | BANKRUPTCY CASE NO.<br>23-42132-elm7 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | | DIVISION OFFICE<br>Fort Worth | NAME OF JUDGE<br>Edward L. Morris |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Kenneth A. Hill | | | |
| DATE<br>September 17, 2024 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Kenneth A. Hill | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.