Loriann A. Martinez
Texas Bar No. 24126929
QUILLING, SELANDER, LOWNDS,
    WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
ATTORNEYS FOR PLAINTIFF,
BEHROOZ P. VIDA, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| MATRIX WARRANTY SOLUTIONS, INC. | § § | CASE NO. 23-42132-elm7 |
| DEBTOR. | § § | (Chapter 7) |
| ──────────────────────────── | § § § | |
| BEHROOZ P. VIDA, TRUSTEE, Plaintiff, | § § § | |
| V. | § § | ADVERSARY NO. 24-04075-elm |
| BRAINVIRE INFOTECH INC., Defendant. | § § § | |

**MOTION FOR ENTRY OF FINAL DEFAULT
JUDGMENT COMBINED WITH BRIEF IN SUPPORT**

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

Behrooz P. Vida (the "**Plaintiff**"), in his capacity as the chapter 7 trustee for Matrix Warranty Solutions, Inc. (the "**Debtor**"), respectfully submits this *Motion for Entry of Final Default Judgment Combined with Brief in Support* and would respectfully show the Court as follows:

## I. INTRODUCTION

1. This is a suit to avoid and recover a transfer totaling $11,087.00 the Debtor made to Brainvire Infotech Inc. (the "**Defendant**") within ninety days before the bankruptcy filing. The Defendant has not filed an answer or other appearance in the case. A Clerk's Entry of Default was entered against the Defendant on October 21, 2024.

## II. EVIDENCE

2. This Motion is supported by the undisputed facts established by the following:

   (a) the *Complaint* filed by the Plaintiff in this adversary proceeding against the Defendants (Dkt. No. 1, the "**Complaint**");

   (b) the *Clerk's Entry of Default* against the Defendants entered on October 21, 2024 in this adversary proceeding (Dkt. No. 6) (the "**Clerk's Entry of Default**");

   (c) the Court's record in this adversary proceeding; and

   (d) the Declaration of Loriann A. Martinez, which is attached as **Exhibit "A"** hereto and is fully incorporated herein (the "**Martinez Decl.**").

## III. FACTS AND PROCEDURAL HISTORY

3. On July 23, 2023, the Debtor filed a voluntary petition in this Court for relief under chapter 7 of the United States Bankruptcy Code.[1] The Plaintiff was appointed as the chapter 7 trustee, and he continues to serve in that capacity.[2]

4. Brainvire Infotech, Inc. is a Delaware corporation with its principal place of business in Texas at 2201 W. Royal Ln., Suite 110, Irving, TX 75063.

---

[1] Complaint ¶ 5; Martinez Decl. [Ex. "A"] ¶ 2.
[2] *Id.*

**MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**     **Page 2**

5. The Debtor made the following transfer (the "Transfer") on June 9, 2023 totaling $13,276.00 to the Defendant within ninety (90) days before the date of the Debtor's bankruptcy filing.[3]

6. On June 30, 2023, the Defendant gave new value of $2,189.00 to the Debtor.[4]

7. The Transfer was to or for the benefit of the Defendant.[5] The Defendant was a creditor of the Debtor at the time of the Transfer, and the Transfer was made for or on account of an antecedent debt owed by the Debtor before such Transfer was made.[6] The Debtor was insolvent at the time of the Transfer.[7] The Transfer enabled the Defendant to receive more than it would receive if the Debtor's case was under Chapter 7 of the Bankruptcy Code, such Transfer had not been made, and the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.[8]

8. The Plaintiff commenced this adversary proceeding on September 17, 2024 by filing the Complaint against the Defendant.[9]

9. On September 17, 2024, the Clerk of this Court issued a Summons in this adversary proceeding to the Defendant (Dkt. No. 2).[10] The Summons required the Defendant to file and serve a motion or answer to the Complaint within thirty days after the Summons was issued.[11] The Summons warned Defendant that "**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH**

---

[3] Complaint ¶ 6; Martinez Decl. ¶ 4.

[4] Complaint ¶ 7; Martinez Decl. ¶ 5.

[5] Complaint ¶ 9.

[6] *Id.*

[7] *Id.*; 11 U.S.C. § 547(f).

[8] Complaint ¶ 9; Martinez Decl. [Ex. "A"] ¶ 6.

[9] CM/ECF Docket Sheet; Martinez Decl. [Ex. "A"] ¶ 7.

[10] CM/ECF Docket Sheet; Martinez Decl. [Ex. "A"] ¶ 8.

[11] Dkt. No. 2; Martinez Decl. [Ex. "A"] at ¶ 8.

**MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**                                                                                       Page 3

**THIS SUMMONS, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**"[12]

10. The Plaintiff served the Defendant with process in accordance with Fed. R. Bankr. P. 7004(b)(1), (3), (7), and (8) by mailing a copy of the Summons, Complaint, and Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order by first class mail postage prepaid and certified mail, return receipt requested, to the Defendant on September 18, 2024.[13] A true and correct copy of the Summons Service Executed for the Defendant was filed with this Court on September 19, 2024 (Docket No. 4).[14] The deadline for the Defendant to file an answer or other responsive pleading was October 17, 2024 (*i.e.*, thirty days after issuance of the Summons on September 17, 2024).[15]

11. The Defendant is not a natural person and is therefore not an infant, incompetent person, or member of the U.S. military.

12. A Clerk's Entry of Default was entered against the Defendant on October 21, 2024 (Docket No. 6).[16] As set forth in that document, the Clerk of this Court confirmed that the Defendant failed to plead or otherwise defend this adversary proceeding and is in default.[17]

13. As of the date of filing this Motion, the Defendant has failed to plead or otherwise defend this adversary proceeding, and the time within which the Defendant was required to plead or otherwise defend has expired.[18] Therefore, the Defendant is in default.[19]

---

[12] Dkt. No. 2 (emphasis in original); Martinez Decl. [Ex. "A"] at ¶ 8.
[13] Martinez Decl. [Ex. "A"] ¶ 9.
[14] CM/ECF Docket Sheet; Martinez Decl. [Ex. "A"] ¶ 9.
[15] Fed. R. Bankr. P. 7012(a); Martinez Decl. [Ex. "A"] ¶ 9.
[16] CM/ECF Docket Sheet; Clerk's Entry of Default; Martinez Decl. [Ex. "A"] ¶ 11.
[17] Clerk's Entry of Default; Martinez Dec. [Ex. "A"] ¶ 11.
[18] Martinez Decl. [Ex. "A"] ¶ 12.
[19] *Id.*

14. Although the Defendant is not entitled to notice of this motion, the undersigned counsel is serving this motion on the Defendant by first class mail postage prepaid.

## IV. ARGUMENT AND AUTHORITIES

**A. This Court has jurisdiction and authority to enter a final default judgment in this adversary proceeding.**

15. The U.S. District Court for the Northern District of Texas has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(b), inasmuch as the Plaintiff's cause of action for avoidance and recovery of a preference under sections 547(b) and 550(a) arises under the Bankruptcy Code.[20] Pursuant to 28 U.S.C. § 157(a) and Miscellaneous Order No. 33: Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc (N.D. Tex. Aug. 3, 1984), this adversary proceeding was automatically referred to this Court upon its commencement.[21] Therefore, this Court has jurisdiction over this adversary proceeding.

16. A cause of action against for avoidance and recovery of a preference is statutorily "core" under 28 U.S.C. § 157(b)(2)(F). Therefore, this Court has *statutory* authority to enter a final judgment. 28 U.S.C. § 157(b)(1).

17. There is a split of authority over whether *Stern v. Marshall*, 564 U.S. 462 (2011), strips bankruptcy courts of *constitutional* authority to enter final judgments in preference actions where the defendant has not filed a proof of claim or consented to entry of a final judgment by the bankruptcy judge. On the one hand, some courts hold that even after *Stern*, bankruptcy courts

---

[20] *See* 11 U.S.C. § 1334(b) (subject to certain exceptions inapplicable to this adversary proceeding, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11"); *Lain v. V3 Constr. Group, Ltd. (In re Erickson Retirement Communities, LLC)*, 475 B.R. 762, 764 (Bankr. N.D. Tex. 2012) (Jernigan, J.) (preference actions are actions "arising under" title 11); *Official Employment-Related Issues Committee of Enron Corp. v. Arnold (In re Enron Corp.)*, 317 B.R. 701, 706 (Bankr. S.D. Tex. 2004) (same).

[21] *See* 28 U.S.C. § 157(a) ("Each district court may provide that ... any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district").

**MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT** Page 5

have constitutional authority to enter final judgments in preference actions regardless of whether the defendant filed a proof of claim or consented because preferences are core proceedings arising under the Bankruptcy Code. *Lain v. V3 Constr. Group, Ltd. (In re Erickson Retirement Communities, LLC)*, 475 B.R. 762, 764 (Bankr. N.D. Tex. 2012) (Jernigan, J.); *Curtis v. Awbrey (In re Longhorn Paving & Oilfield Servs., Inc.)*, 648 B.R. 300, 305 (Bankr. S.D. Tex. 2023); *Shurn v. Gilbert (In re Gulf Coast Glass & Erection Co., Inc.)*, 484 B.R. 685, 692 (Bankr. S.D. Tex. 2013). On the other hand, some courts have held that *Stern* strips bankruptcy courts of constitutional authority to enter final judgments in preference actions unless the defendant has filed a proof of claim or consented to entry of a final judgment by the bankruptcy court. *Aurzada v. CE Covey Holdings, LLC (In re Nieman Printing, Inc.)*, 2024 WL 2027490, *5 (Bankr. N.D. Tex. Mar. 4, 2024) (Jernigan, C.J.); *Yaquinto v. JBG Collateral LLC (In re JRJR33, Inc.)*, 2020 WL 7038302, *6 (Bankr. N.D. Tex. Nov. 30, 2020) (Jernigan, J.).

18. Even if the *Stern* limitation on constitutional authority applies to preference actions, a bankruptcy court has constitutional authority to enter a final *default* judgment because the defendant is deemed to have given implied consent to entry of a final judgment by the bankruptcy court. *JRJR33*, 2020 WL 7038302 at *6; *Executive Sounding Board Assocs. Inc. v. Advanced Machine & Engineering Co. (In re Oldco M Corp.)*, 484 B.R. 598, 614 (Bankr. S.D.N.Y. 2012); *Hopkins v. M & A Ventures (In re Hoku Corp.)*, 2015 WL 8488949, *2-3 (Bankr. D. Idaho Dec. 10, 2015). In *JRJR33*, Judge Jernigan relied upon *Beitel v. OCA, Inc. (In re OCA Inc.)*, 551 F.3d 359, 368 (5th Cir. 2008), for implied consent. 2020 WL 7038302 at *6 n.31. In *Beitel*, the Fifth Circuit held that a defendant impliedly consented to entry of a final judgment by a bankruptcy court in a non-core adversary proceeding by not objecting in the bankruptcy court and taking no action to challenge the bankruptcy court's authority until after a default judgment was entered. 551 F.3d

**MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT** Page 6

359, 368. Therefore, this Court has constitutional authority to enter a final judgment in this adversary proceeding under either line of cases, either (a) because the Plaintiff's preference cause of action is a core proceeding arising under the Bankruptcy Code or (b) because the Defendant impliedly consented to this Court's entry of a final judgment by failing to raise the issue.

**B.    No evidentiary hearing is necessary.**

19.    A federal trial court may enter a final judgment by default. Fed. R. Civ. P. 55(b)(2). A trial court has discretion in determining the most appropriate method of taking evidence for a default judgment. *Id.* It is not necessary to hold an evidentiary hearing to take evidence in a default situation. *E.g., Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998). The use of sworn documents signed under penalty of perjury is a widely accepted method for taking evidence for a default judgment. *E.g., Hernandez v. Apple Auto Wholesalers of Waterbury LLC*, 460 F.Supp.3d 164 (D. Conn. 2020); *Chemtall Inc. v. Citi-Chem, Inc.*, 992 F.Supp. 1390, 1412 (S.D. Ga. 1998). A declaration under penalty of perjury has the same force and effect as a sworn affidavit. 28 U.S.C. § 1746. A trial court's ruling in a default situation without an evidentiary hearing is reviewed only for abuse of discretion. *Leedo*, 157 F.3d at 414.

20.    In the case at bar, the Plaintiff has asserted a cause of action against the Defendant for avoidance and recovery of the Transfers under 11 U.S.C. §§ 547(b) and 550(a)(1). All elements of that cause of action are proven by the Complaint and the Martinez Decl. Thus, no evidentiary hearing is necessary to enter a final default judgment against the Defendant.

**C.    The Plaintiff is entitled to judgment for avoidance and recovery of the Transfer against the Defendant.**

21.    All elements of Plaintiff's cause of action to avoid and recover the Transfer against the Defendant under 11 U.S.C. §§ 547(b) and 550(a)(1) have been deemed admitted by the Defendant

for failure to file an answer to the Complaint and are proven by the documents attached as exhibits to this Motion.

22. Pursuant to Fed. R. Civ. P. 55, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7055, the Plaintiff requests that the Court enter a default judgment against the Defendant for failure to answer or otherwise appear in this adversary proceeding.

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests that this Court enter a final default judgment as follows:

    a. awarding the Plaintiff $11,087.00 against the Defendant; and

    b. granting the Plaintiff other and further relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By: */s/ Loriann A. Martinez*
    Loriann A. Martinez
    State Bar No. 24126929
ATTORNEYS FOR THE PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served concurrently with filing of the same via first class mail postage prepaid upon the Defendant at:

Brainvire Infotech Inc.
c/o Registered Agent, Chintan Shah
2201 W. Royal Ln., Suite 110
Irving, TX 75063

                                                         */s/ Loriann A. Martinez*
                                                         Loriann A. Martinez

# Exhibit "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MATRIX WARRANTY SOLUTIONS, INC. | § | CASE NO. 23-42132-elm7 |
| | § | (Chapter 7) |
| DEBTOR. | § | |
| _____ | § | |
| | § | |
| | § | |
| BEHROOZ P. VIDA, TRUSTEE, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | ADVERSARY NO. 24-04075-elm |
| BRAINVIRE INFOTECH INC., | § | |
| Defendant. | § | |

## DECLARATION OF LORIANN A. MARTINEZ

1. My name is Loriann A. Martinez. I am an attorney admitted to practice in the State of Texas. I am also admitted to practice in this Court. I have personal knowledge of the facts stated herein, and they are all true and correct. I am an attorney employed by the law firm of Quilling, Selander, Lownds, Winslett & Moser, P.C. ("**QSLWM**") which represents Behrooz P. Vida (the "**Plaintiff**"), in his capacity as Trustee for Matrix Warranty Solutions, Inc. (the "**Debtor**"), in this adversary proceeding. I am an attorney representing the Plaintiff in this adversary proceeding.

2. On July 23, 2023, the Debtor filed a voluntary petition in this Court for relief under chapter 7 of the United States Bankruptcy Code. The Plaintiff was appointed as the chapter 7 trustee, and he continues to serve in that capacity.

**DECLARATION OF LORIANN A. MARTINEZ**

3. Brainvire Infotech, Inc. ("**Brainvire**" or "**Defendant**") is a Delaware corporation with its principal place of business in Texas at 2201 W. Royal Ln., Suite 110, Irving, TX 75063.

4. The Debtor's bank account statements show that the Debtor made a payment totaling $13,276.00 to Brainvire on June 9, 2023 within ninety (90) days before the date of the Debtor's bankruptcy filing (the "**Transfer**").

5. On June 30, 2023, Brainvire gave new value of $2,189.00 to the Debtor.

6. There are not enough assets in this bankruptcy case to allow the Trustee to pay all timely filed allowed claims in full.

7. The Plaintiff commenced this adversary proceeding on September 17, 2024, by filing the Complaint against the Defendant.

8. On September 17, 2024, the Clerk of this Court issued a Summons in this adversary proceeding to the Defendant (Dkt. No. 2). The Summons required the Defendant to file and serve a motion or answer to the Complaint within thirty days after the Summons was issued. The Summons warned Defendant that "**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS SUMMONS, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT**" (emphasis in original").

9. Kenneth A. Hill, as counsel for the Plaintiff, served the Defendant with process in accordance with Fed. R. Bankr. P. 7004(b)(1), (3), (7), and (8) by mailing a copy of the Summons, Complaint, and Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order by first class mail postage prepaid and certified mail, return receipt requested, to the Defendant on September 18, 2024. A true and correct copy of the Summons Service Executed for the Defendant was filed with this Court on September 19, 2024 (Docket No. 4). The deadline for

the Defendant to file an answer or other responsive pleading was October 17, 2024 (*i.e.*, the first business day thirty days after issuance of the Summons on September 17, 2024).

10. The Defendant is not a natural person and is therefore not an infant, incompetent person, or member of the U.S. military.

11. A *Clerk's Entry of Default* was entered against the Defendant on October 21, 2024 (Docket No. 6). As set forth in that document, the Clerk of this Court confirmed that the Defendant failed to plead or otherwise defend this adversary proceeding and is in default.

12. As of the date of filing this Motion, the Defendant has failed to plead or otherwise defend this adversary proceeding, and the time within which the Defendant was required to plead or otherwise defend has expired. Therefore, the Defendant is in default.

13. I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 21, 2024.

        */s/ Loriann A. Martinez*
        Loriann A. Martinez

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MATRIX WARRANTY SOLUTIONS, INC. | § | CASE NO. 23-42132-elm7 |
| | § | (Chapter 7) |
| DEBTOR. | § | |
| _____ | § | |
| | § | |
| BEHROOZ P. VIDA, TRUSTEE, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | ADVERSARY NO. 24-04075-elm |
| BRAINVIRE INFOTECH INC., | § | |
| Defendant. | § | |

**ORDER GRANTING PLAINTIFF'S MOTION
FOR ENTRY OF FINAL DEFAULT JUDGMENT**

On November 18, 2024, this Court held a hearing on the *Motion for Entry of Final Default Judgment Combined with Brief in Support* (Dkt. No. 7, the "**Motion**") filed by Behrooz P. Vida (the "**Plaintiff**"), in his capacity as the chapter 7 trustee for Matrix Warranty Solutions, Inc. (the "**Debtor**"). The Court, having considered the entire record in this case, finds that

**ORDER GRANTING PLAINTIFF'S MOTION
FOR ENTRY OF FINAL DEFAULT JUDGMENT** **PAGE 1**
7605913.1

Brainvire Infotech Inc. (the "**Defendant**") has admitted the allegations contained in the *Complaint* (Dkt. No. 1) by default.

Upon good and sufficient evidence presented to the Court by the Declaration of Loriann A. Martinez, and judicial notice of the record in this adversary proceeding, together with the representations of counsel in the Motion and at the hearing, the Court finds that the well-pled allegations in the Complaint have been admitted by the Defendant and that the Motion should be granted.

It is therefore ORDERED that the Motion shall be and hereby is granted. A separate judgment will be entered consistent with this Order.

### End of Order ###

Submitted by:
Loriann A. Martinez
Quilling, Selander, Lownds,
   Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
ATTORNEY FOR THE PLAINTIFF